MEMORANDUM **
Daniel Flynn appeals from the district court’s judgment denying his 28 U.S.C. § 2255 motion to set aside his guilty-plea conviction for receiving child pornography, in violation of 18 U.S.C. § 2252A(a)(2)(B). We have jurisdiction pursuant to 28 U.S.C. § 2253, and we affirm.
Flynn contends that the district court erred by applying the analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984), to his claim that his due process rights were violated when he was not informed at the time of his plea that, pursuant to California law, he would be required to register for life as a sex offender. We may affirm the denial of a habeas petition on any ground supported by the record. See Washington v. Lampert, 422 F.3d 864, 869 (9th Cir.2005).
In light of the record, we conclude that any possible due process error resulting from the failure to inform Flynn of the registration requirement prior to his guilty plea did not have a substantial and injurious effect on the proceedings. See Brecht v. Abrahamson, 507 U.S. 619, 623, 113 S.Ct. 1710, 123 L.Ed.2d 353 (1993). In particular, we conclude, as did the district *660 court in the course of its Strickland analysis, that Flynn has not shown a reasonable probability that he would have declined to enter a guilty plea had he been aware of the registration requirement. See id.; see also Moore v. Czerniak, 534 F.3d 1128, 1137 n. 6 (9th Cir.2008) (noting that Brecht harmless error analysis is encompassed by Strickland).
We deny as moot the government’s motion for expedited hearing and decision.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.